IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01370-BNB

QUINN MCKENZIE JEBE,

    Applicant,

v.

STEVEN HARTLEY, Warden-Director, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 2 2 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Quinn McKenzie Jebe, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Limon, Colorado, correctional facility. Mr. Jebe filed *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his 2006 conviction in Otero County District Court case number 05CR90.

On August 12, 2008, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On August 25, 2008, Respondents filed their pre-answer response asserting that the instant action is barred by the one-year limitation period, among other arguments. On September 19, 2008, Mr. Jebe filed a reply to the pre-answer response in the form of a notice of voluntary dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. On September 22, 2008,

Respondents filed a response to the notice of voluntary dismissal. On November 17, 2008, Magistrate Judge Boland denied the voluntary dismissal, and ordered Mr. Jebe to show cause within thirty days why the amended application should not be denied as time-barred. On December 4, 2008, Mr. Jebe filed a response to the order to show cause.

The Court must construe liberally the amended application and the response filed by Mr. Jebe to the show-cause order because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below the Court will deny the amended application as time-barred.

Mr. Jebe was convicted pursuant to a plea agreement in 2006 in Otero County District Court case number 05CR90 on charges of first-degree aggravated motor vehicle theft with a sentence cap of four years in community corrections. On June 2, 2006, the trial court imposed the maximum sentence under the plea agreement. Mr. Jebe did not appeal directly from the conviction and sentence.

On August 8, 2006, Mr. Jebe was terminated from community corrections. On August 21, 2006, he was resentenced to the DOC for four years plus three years of mandatory parole. On November 20, 2006, Mr. Jebe filed, through counsel, a motion for sentence reconsideration. On December 11, 2006, the trial court denied the motion. On December 12, 2006, counsel filed a supplemental motion for reconsideration. On

January 8, 2007, counsel filed a motion to reconsider. On January 7, 2008, the trial court denied both motions. Mr. Jebe did not appeal.

On October 23, 2007, Mr. Jebe filed a motion for postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, which the trial court denied on October 25, 2007. Mr. Jebe did not appeal. On January 9, 2008, Mr. Jebe filed a motion pursuant to Colo. R. Crim. P. 36 to correct the mittimus. On February 5, 2008, the trial court issued an amended mittimus. Mr. Jebe did not appeal. On May 28, 2009, Mr. Jebe filed a second postconviction proceeding, i.e., a motion to vacate and dismiss with prejudice pursuant to Colo. R. Crim. P. 48. On June 16, 2008, the trial court denied the motion. On July 1, 2008, the trial court denied and disapproved Mr. Jebe's petition for rehearing. Mr. Jebe did not appeal. On July 8, 2008, Mr. Jebe filed a third postconviction proceeding pursuant to Colo. R. Crim. P. 35(b), which the trial court denied on July 10, 2008. Mr. Jebe did not appeal.

The Court received the original habeas corpus application for filing on June 20, 2008. Mr. Jebe asserts four claims. Claims one through three challenge his new sentence. Claim four challenges his original conviction pursuant to the plea agreement.

As noted above, Respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

3

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In the November 17, 2008, order to show cause, Magistrate Judge Boland determined when the one-year limitation period began to run. Because the 80 days between the imposition of Mr. Jebe's original sentence on June 2, 2006, and the imposition of his new sentence on August 21, 2006, was not determinative of the timeliness of his amended application, Respondents relied upon the later date, i.e., the date Mr. Jebe was resentenced, and Magistrate Judge Boland did as well.

4

Magistrate Judge Boland determined that, because Mr. Jebe did not file a direct appeal, his conviction became final when the time for filing a direct appeal from his resentence expired. Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Jebe had forty-five days to file a notice of appeal after he was resentenced on August 21, 2006. As a result, Magistrate Judge Boland found that Mr. Jebe's conviction became final on October 5, 2006. Magistrate Judge Boland also found that the one-year limitation period began to run on October 5, 2006, because Mr. Jebe did not allege that he was prevented by unconstitutional state action from filing this action sooner, he was not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims before his conviction became final. Therefore, Magistrate Judge Boland determined that Mr. Jebe had until October 5, 2007, to file a federal habeas corpus application in this Court, absent a reason to toll the one-year limitation period during the pendency of a properly filed motion for postconviction relief.

Respondents conceded that the one-year limitation period was tolled while the postconviction motions Mr. Jebe filed were pending in state court, and Magistrate Judge Boland agreed. He found that the period from November 20, 2006, to January 7, 2007, when the motions for sentence reconsideration filed by counsel were pending in state court, plus the period from January 8, 2007, to February 22, 2007, the forty-five days during which Mr. Jebe could have sought an appeal under state law, *see Gibson v.*

*Klinger*, 232 F.3d 799, 804 (10th Cir. 2000), *see also* Colo. R. App. P. 4(b), did not count against the one-year limitation period.

Likewise, Magistrate Judge Boland found that the period from October 23, 2007, to October 25, 2007, when the Colo. R. Crim. P. 35(c) motion was pending in state court, plus the period from October 26, 2007, to December 10, 2007, the forty-five days during which Mr. Jebe could have sought an appeal under state law, *see Gibson*, 232 F.3d at 804, *see also* Colo. R. App. P. 4(b), did not count against the one-year limitation period. Magistrate Judge Boland did not count against the one-year limitation period the period from January 9, 2008, to February 5, 2008, when the Colo. R. Crim. P. 36 motion to correct the mittimus was pending in state court, plus the period from February 6, 2008, to March 22, 2008, the forty-five days during which Mr. Jebe could have sought an appeal under state law, *see Gibson*, 232 F.3d at 804, *see also* Colo. R. App. P. 4(b).

Magistrate Judge Boland also found that the period from May 28, 2008, to June 16, 2008, when the Colo. R. Crim. P. 48 motion was pending in state court, plus the period from June 17, 2008, to August 1, 2008, the forty-five days during which Mr. Jebe could have sought an appeal under state law, *see Gibson*, 232 F.3d at 804, *see also* Colo. R. App. P. 4(b), did not count against the one-year limitation period. Finally, Magistrate Judge Boland found that the period from July 8, 2008, to July 10, 2008, when the Colo. R. Crim. P. 35(b) motion was pending in state court, plus the period from July 11, 2008, to August 25, 2008, the forty-five days during which Mr. Jebe could

have sought an appeal under state law, *see Gibson*, 232 F.3d at 804, *see also* Colo. R. App. P. 4(b), did not count against the one-year limitation period.

However, Magistrate Judge Boland found that the 46 days after Mr. Jebe's conviction became final on October 5, 2006, until November 20, 2006, when he filed, through counsel, his motion for sentence reconsideration in state court, counted against the one-year limitation period. In addition, Magistrate Judge Boland found that the gap of 243 days from February 22, 2007, when the time expired for appealing from the January 7, 2007, denial of the motions for reconsideration filed by counsel, to October 23, 2007, when Mr. Jebe filed the Colo. R. Crim. P. 35(c) motion in state court, counted against the one-year limitation period. Magistrate Judge Boland also found that the 30 days from December 10, 2007, when the time expired for appealing from the October 25, 2007, denial of Mr. Jebe's Colo. R. Crim. P. 35(c) motion, until January 9, 2008, when he filed the Colo. R. Crim. P. 36 motion to correct the mittimus, counted against the one-year limitation period. Lastly, Magistrate Judge Boland found that the 68 days from March 22, 2008, when the time expired for appealing from the February 5, 2008, order on the Colo. R. Crim. P. 36 motion, until May 28, 2008, when Mr. Jebe filed the Colo. R. Crim. P. 48 motion, counted against the one-year limitation period. Magistrate Judge Boland determined that, at this point, a total of 387 days had elapsed, and the one-year limitation period had expired. As a result, he found that Mr. Jebe's amended application appeared to be time-barred.

However, as Magistrate Judge Boland pointed out in the November 17, 2008, show-cause order, the one-year limitation period in 28 U.S.C. § 2244(d) is not

jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Mr. Jebe bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* Simple excusable neglect is not sufficient to support equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978.

Mr. Jebe fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Mr. Jebe fails to demonstrate that equitable tolling is appropriate, and the instant action will be dismissed as barred by the one-year limitation period. Accordingly, it is

ORDERED that the amended application is denied and the action dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 19 day of December, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01370-BNB

Quinn McKenzie Jebe
Prisoner No. 132709
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

John J. Fuerst III
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/22/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk